OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
CPL 270.35 commands in pertinent part that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict * * * the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case * * * the court must discharge such juror.” In People v Buford (69 NY2d 290), we distinguished between the disqualification of prospective and sworn jurors and held that the standard for excusing a sworn juror as "grossly unqualified” within the meaning of CPL 270.35 is "satisfied only 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict’ ” (People v Buford, 69 NY2d 290, 298, supra, quoting People v West, 92 AD2d 620, 622 [Mahoney, P. J., dissenting], revd on dissenting opn below 62 NY2d 708). In concluding that a sworn juror is "grossly *689 unqualified”, the trial court may not speculate as to the likelihood of partiality, but rather, must be convinced, after a probing and tactful inquiry, that the sworn juror will be unable to deliberate fairly and render an impartial verdict (People v Buford, 69 NY2d 290, 299, supra).
In discharging the sworn juror over defendant’s objection, the lower courts here did not apply the correct standard as it has been articulated in Buford, and therefore defendant’s conviction must be reversed and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.