**Eddie WILLIAMS, Appellant,**

v.

**A.L. LOCKHART, et al., Appellee.**

No. 87-1972.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1988.

Decided June 24, 1988.

Denise Reid Hoggard, North Little Rock, Ark., for appellant.

Lee Taylor Franke, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HARPER *, Senior District Judge.

---

* The HONORABLE ROY W. HARPER, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

FLOYD R. GIBSON, Senior Circuit Judge.

Eddie Williams appeals an order of the district court dismissing his petition for a writ of habeas corpus. For reversal Williams argues that the district court erred in denying his petition without holding an evidentiary hearing. We agree.

## I. BACKGROUND

Williams was tried by a jury and convicted of burglary and criminal attempt to commit rape on October 29, 1984. Williams was sentenced to ten years imprisonment for the burglary conviction and thirty years for the conviction of criminal attempt to commit rape.

A direct appeal of Williams's convictions was not pursued in the Arkansas state courts.[1] Williams, however, sought collateral relief in state court by filing several petitions with the Arkansas Supreme Court and with the Circuit Court of Chicot County, Arkansas, the trial court that convicted him. His petitions to the Arkansas Supreme Court were returned unfiled with a letter stating that the Arkansas Supreme Court lacked jurisdiction because there was no direct appeal of his original conviction. The letter also indicated that under such circumstances the appropriate place to file under Rule 37 of the Arkansas Rules of Criminal Procedure was in the trial court that convicted Williams. Therefore, Williams filed a petition in the Circuit Court of Chicot County. His *pro se* handwritten state court petition raised several errors, but the principal errors included ineffective assistance of counsel and insufficiency of the evidence to support his convictions. The Circuit Court of Chicot County appointed counsel for Williams and a hearing was held on December 3, 1985 at which the court received testimony. The circuit court entered its order on March 7, 1986 denying Williams's petition for relief under Rule 37. The court's brief two-page order made findings of fact and conclusions of law regarding Williams's claim of inef-

fective assistance of counsel, but the court failed to address Williams's claim that there was insufficient evidence to support his convictions.

Williams then filed another *pro se* Rule 37 motion with the Arkansas Supreme Court on September 10, 1986 and again it was returned with a letter stating that the Arkansas Supreme Court lacked jurisdiction over such cases except where the conviction has been affirmed on direct appeal. This latter Rule 37 motion, while difficult to decipher because it is apparently in Williams's own handwriting, appears to request an appeal of the Chicot County Circuit Court's denial of his earlier Rule 37 motion. Designated record at 27. This latter Rule 37 motion also raised ineffective assistance of counsel and insufficiency of the evidence as grounds for relief.

On September 22, 1986 the Arkansas Supreme Court received Williams's "Motion for Record of my Case to be Affirmed." The court treated this filing as a petition for a writ of mandamus requesting it to order the circuit court to prepare the record for appeal of its denial of Williams's Rule 37 petition. In response the court stated that the circuit court was not obligated to prepare the record since no notice of appeal of the denial of Williams's Rule 37 motion was filed.

The final state filing, received by the Arkansas Supreme Court on September 23, 1986, was Williams's *pro se* "Motion for Permission to File a Belated Appeal." The motion was returned as not timely filed. Under Arkansas law a motion for a belated appeal must be filed within eighteen months of the date of commitment. Arkansas Rule of Criminal Procedure 36.9.

On December 9, 1986 Williams's *pro se* handwritten petition for a writ of habeas corpus under 28 U.S.C. § 2254 was filed in the United States District Court for the Eastern District of Arkansas. The petition was referred to a United States Magistrate for recommended disposition. The district court adopted the magistrate's recommen-

---

**1.** Williams argues that he requested an appeal in open court at the conclusion of his state court trial.

dations and issued its order on June 8, 1987 denying Williams's petition. Williams filed a timely notice of appeal and this court appointed counsel[2] to assist him in this appeal.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

■ Williams's habeas petition alleges that he was denied the effective assistance of counsel at his trial and at the hearing on his Rule 37 petition. Williams argues that he was assured by his appointed trial counsel, Thomas Cashion, that an appeal of his conviction would be filed.[3] Williams also alleges in his petition that Mr. Cashion told his mother and sister that he would file an appeal on his behalf and that he requested an appeal in open court. It is undisputed that a notice of appeal was never filed by Mr. Cashion. The government responded to Williams's claim and also filed the sworn affidavit of Mr. Cashion. In his one paragraph affidavit Mr. Cashion, now deceased, stated that Williams did not ask for an appeal, that he (Cashion) requested to be removed from the case, and that he did not represent the rape victim at the time that he was representing Williams.

A recommended disposition was prepared by a United States Magistrate without conducting an evidentiary hearing. Williams filed *pro se* objections to the magistrate's recommended disposition challenging the factual basis for the recommendations and requesting an evidentiary hearing before the district court.

The district court declined to hold an evidentiary hearing and adopted the magistrate's proposed findings and recommendations in their entirety.

■ Williams argues that the district court erred in failing to conduct an eviden-

tiary hearing on his ineffective assistance of counsel claims. We agree.

In *Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir.1986), this court stated that "[u]nder 28 U.S.C. § 2254, a district court *must* hold an evidentiary hearing when there is a dispute about the relevant facts and the state court did not hold a full and fair hearing * * * or the factual questions cannot be resolved on the basis of the record * * * * " (Citations omitted, emphasis added). It is clear that this case involves a dispute over material facts. The government contends that Williams did not request an appeal and Williams counters by asserting that he requested an appeal and was "lulled" into believing that an appeal would be sought. The district court, however, erroneously concluded that there were no disputed issues of material fact. The district court stated "[p]etitioner has submitted no pleading challenging the accuracy of his trial attorney's recollection. * * * [H]is trial attorney's affidavit, uncontested by petitioner, swears that petitioner did not ask for an appeal." Dist.Ct. op. at 67–68. The government also concedes that the district court overlooked Williams's "Objections and Statement of Necessity" that was filed five days after the magistrate's recommended disposition was filed.

As already noted, when there is a dispute over relevant facts the district court is only required to hold an evidentiary hearing if the state court failed to hold a full and fair hearing. We find it necessary to reverse this case and remand it to the district court to hold an evidentiary hearing, in part, because a transcript of Williams's state court hearing was never prepared. It is difficult, if not impossible, for a federal habeas court to determine whether a state hearing was "full and fair" without reviewing the transcript of the state proceeding. This is especially true when there are dis-

---

**2.** We are grateful to counsel appointed by this court for her services on this appeal.

**3.** This court has noted that "[i]n similar contexts, courts have found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the defendant of the right to appeal." *Riley v. Wyrick*, 712

F.2d 382, 386 (8th Cir.1983) (authorities cited therein). Therefore, deficient attorney performance in perfecting an appeal is prejudicial under the *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) standard for determining ineffective assistance of counsel.

puted issues of material fact which cannot be resolved on the basis of the record. Further, the state court findings of fact and conclusions of law are so brief and conclusory that it is impossible to make an independent judgment or to determine whether the state hearing was full and fair based on the state court's written opinion.

Finally, in its decision the state court concludes that "[a] charge of inadequate representation can prevail only if the acts or omissions of an accused's attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the Court." Record at 24. That standard of representation has been discredited and discarded. The appropriate standard for reviewing an ineffective assistance claim is well-settled. The Supreme Court announced its "performance and prejudice" standard in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The right to effective assistance of counsel guaranteed by the Sixth Amendment applies to all criminal trials—state and federal. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). Thus, to the extent that the state court applied an erroneous legal standard in determining the merits of Williams's ineffective assistance claim he was denied a full and fair hearing in the state proceeding.

Williams's petition also alleges that his trial counsel actively represented conflicting interests because he represented the rape victim.[4] The district court stressed that in his affidavit Cashion swore that he was not the victim's attorney at the time he represented Williams. The district court again disregarded Williams's objections to the magistrate's recommended disposition stating that "petitioner has submitted no pleading in which the accuracy of counsel's claim is controverted." The district court, therefore, accepted Mr. Cashion's affidavit as true and rejected Williams's conflict of interest claim.

Although Williams's *pro se* objections do not specifically address the conflict of interest aspect of his ineffective assistance claim, liberally construing this pleading it is clear that Williams objected to the factual determinations made by the magistrate and requested an evidentiary hearing. In addition, Williams's petition alleges facts that clearly dispute the statements in Cashion's affidavit. We agree with the Eleventh Circuit that when reviewing the sufficiency of a *pro se* habeas petition the standard is less stringent than when it is drafted by trained legal counsel, consequently "not only are the allegations of such petitions to be construed more liberally * * * but unincluded allegations of 'apparent' facts may be treated as part of the complaint for the purpose of determining whether an issue should be remanded for further investigation." *Williams v. Griswald*, 743 F.2d 1533, 1542–43 (11th Cir. 1984) (citations omitted).

On remand the district court is instructed to hold an evidentiary hearing and make findings of fact and conclusions of law with respect to Williams's claim that his trial counsel was actually representing conflicting interests during his trial. We are deeply concerned about Williams's claim that his trial counsel represented conflicting interests. Representing conflicting interests is a serious breach of the duty of loyalty that an attorney owes his client. Our concern is highlighted by the fact that when a defendant "shows that a conflict of interest actually affected the adequacy of his representation [he] need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. at 349–50, 100 S.Ct. at 1719. Nevertheless, presuming prejudice to the defendant when an actual conflict of interest is shown does not relieve the defendant of his burden of proving that such a conflict existed. *Id.* at 350, 100 S.Ct. at 1719. ("But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.").

---

4. The record is not clear whether Williams is alleging that Mr. Cashion represented the rape victim or her mother.

██ Williams's petition for habeas relief also alleges ineffective assistance of counsel during the state court hearing on his motion for post conviction relief. Even assuming that Williams's court appointed attorney was ineffective in his representation in the state court proceeding, habeas relief is not available to Williams on this claim for two reasons. First, habeas relief is not available because Williams's claim is an attack on a proceeding that is collateral to his detention and not on the detention itself. *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) (per curiam), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). Habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Mitchell v. Wyrick*, 727 F.2d at 774 ("Thus, § 2254 gives federal courts jurisdiction to determine the constitutionality of a state criminal conviction, but does not authorize review of state postconviction relief proceedings."); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir.1986) (and authorities cited therein). Second, the Sixth Amendment right to effective assistance of counsel does not attach to post conviction proceedings because they are civil in nature. *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *Noble v. Sigler*, 351 F.2d 673, 678 (8th Cir.1965), *cert. denied*, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966).

### B. Insufficiency of the Evidence

██ Williams's final argument on appeal is that there was insufficient evidence adduced at his trial to support his state court convictions. The government responds by arguing that this claim was not raised in Williams's habeas petition and cannot be raised for the first time on appeal. We agree.

We have read carefully Williams's *pro se* petition and conclude that the sole grounds for habeas relief raised in the petition involve the various claims of ineffective assistance of counsel previously discussed. This court will not consider issues not raised in the district court and which are raised for the first time on appeal. *Beavers v. Lockhart*, 755 F.2d 657, 662 (8th Cir.1985).

██ On remand petitioner may seek permission from the district court to amend his habeas petition to assert his insufficiency of the evidence claim. The fact that Williams is now contending that there was insufficient evidence adduced at trial to support his conviction and that these claims were raised in his state court petitions clearly indicates his desire to raise these claims in the district court if he were given the opportunity to do so. Of course, the decision whether to allow a petitioner leave to amend his petition ordinarily rests within the discretion of the trial court, however we note that the federal rules provide that leave shall be given freely when justice so requires. *Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir.1985); *see also Petty v. McCotter*, 779 F.2d 299, 302 (5th Cir.1986) (*pro se* habeas petitioner should be given leave to amend petition on remand to raise issues that were raised for the first time on appeal), *cert. dismissed*, —— U.S. ——, 107 S.Ct. 1596, 94 L.Ed.2d 679 (1987) (writ of certiorari dismissed as improvidently granted). We believe that in this case justice requires Williams be given leave to amend his petition to raise his insufficiency claim. No court, either state or federal, has ever reviewed Williams's conviction in either a direct appeal or a post conviction proceeding. The only hearing ever conducted addressed only Williams's ineffective assistance of counsel claim. Further, we note that Williams has exhausted all of his state law remedies with respect to his insufficiency claim. Williams's state post conviction petitions specifically raised his insufficiency claim and were supported with specific factual allegations.[5] Therefore, the

---

5. Even if Williams had failed to raise the insufficiency of the evidence claim in his state court petitions the claim may nevertheless be exhausted. In some circumstances, if a petitioner has not fairly presented the federal constitutional dimensions of his claim to the state courts he will still meet the exhaustion requirement if there are no currently available, non-futile state

state will not be prejudiced if Williams is granted leave to amend his petition to assert this claim. Justice also requires that Williams be given leave to amend his petition because if amendment is denied then he may be foreclosed from ever raising this claim in a subsequent petition. In *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986), the Supreme Court stated:

> The concept of "abuse of the writ" is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition * * * the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ.

*Id.* at 444 n. 6, 106 S.Ct. at 2622 n. 6; *see also* 28 U.S.C. § 2244(b).

Finally, although Williams adequately raised his insufficiency claim in his Arkansas Rule 37 petition the state court's decision denying the petition fails to address the claim. Because the state court failed to address this claim and no transcript of the state court hearing was ever prepared, it is impossible to determine whether Williams was given a full and fair hearing on this claim. Consequently, if on remand Williams amends his petition to raise this claim it will be necessary to conduct an evidentiary hearing to assess the merit of the claim. In order for the district court to make an independent determination of whether there is constitutionally sufficient evidence to support Williams's conviction it may also be necessary to prepare a transcript of Williams's state court trial. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C. app. fol. § 2254; *O'Blasney v. Solem*, 774 F.2d 925, 927 (8th Cir.1985) ("Ordinarily a court should examine the actual transcript, or at least those portions of it cited by counsel, before ruling on a *Jack-*

son [*v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] sufficiency-of-the-evidence claim.").

■ Although Williams is given leave to amend his petition to raise his insufficiency claim, this does not relieve him of his duty to support his claim with specific facts. Finally, the district court is not required to conduct a hearing on this claim if it is "based solely on 'vague, conclusory, or palpably incredible' allegations or unsupported generalizations." *Beavers v. Lockhart*, 755 F.2d at 663 (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)).

### III. CONCLUSION

We conclude that the district court erred in denying Williams's *pro se* habeas petition without conducting an evidentiary hearing. Williams objected to the magistrate's recommended disposition and noted several material facts that were in dispute. The district court either disregarded or was not aware of Williams's objections and therefore concluded that there were no disputed issues. Consequently, the district court erroneously denied Williams's petition without holding an evidentiary hearing.

Williams also raises a claim for the first time on appeal and therefore it is inappropriate for this court to review this claim. However, because the claim has met the state exhaustion requirements and Williams has not been given a full and fair hearing in state court, Williams shall be given leave to amend his habeas petition to raise this claim in the district court on remand.

Accordingly, the judgment of the district court is reversed and the case remanded with instructions to conduct an evidentiary hearing and to allow Williams to amend his habeas petition consistent with this opinion.

---

remedies through which he can present the federal constitutional dimensions of his claim to the state courts. However, the petitioner must also show adequate cause for his failure to raise the claim in state court and actual prejudice from the state court's failure to address the

merits of the claim. *See, e.g., Smittie v. Lockhart*, 843 F.2d 295, 296–98 (8th Cir.1988). *See also Beavers v. Lockhart*, 755 F.2d at 660 (discussing exhaustion of state remedies requirement and Arkansas Rule 37 petitions).

Reversed and remanded with instructions.