Leslie JAMESON, Petitioner–Appellant,

v.

Thomas COUGHLIN, III, Commissioner and New York State Department of Correctional Services, Respondents–Appellees.

No. 1166, Docket 93–2525.

United States Court of Appeals, Second Circuit.

Argued Feb. 17, 1994.

Decided April 13, 1994.

Eugene B. Nathanson, New York City, for petitioner-appellant.

Moira E. Casey, Brooklyn, NY (Charles J. Hynes, Dist. Atty., Roseann B. MacKechnie, on the brief), for respondents-appellees.

Before: NEWMAN, Chief Judge, CARDAMONE and MAHONEY, Circuit Judges.

428

JON O. NEWMAN, Chief Judge:

In this case we examine a habeas petitioner's claim that he received ineffective assistance of counsel in the state court appeal of his conviction. Leslie Jameson appeals from the July 13, 1993, judgment of the District Court for the Eastern District of New York (I. Leo Glasser, Judge) dismissing his petition for a writ of habeas corpus. On appeal, Jameson argues that he was denied effective assistance of counsel because his prior counsel decided not to raise in the Appellate Division an argument subsequently upheld by the Court of Appeals on an appeal by Jameson's co-defendant. We conclude that appellant's counsel made a reasonable, strategic decision based on New York law at the time of the state court appeal, and that he therefore acted within the range of professionally competent assistance.

## Background

On September 23, 1980, Jameson and his co-defendant Terrance Cargill brutally assaulted and robbed Angela Grimes and her retarded son, William, in the Grimes' Brooklyn apartment. Angela Grimes died in a hospital several weeks later, apparently as a result of the injuries she sustained during the assault. At a state court trial in 1982, Jameson and Cargill were convicted of second-degree murder, N.Y. Penal Law § 125.25 (McKinney 1987 & Supp.1993) and other offenses. Both defendants were sentenced to indeterminate prison terms of twenty years to life on the murder count and lesser concurrent terms for the other offenses.

The ineffective assistance claim concerns the trial judge's action in granting the request of one of the jurors to be excused. After the trial had begun, the juror was discharged at her own request after she informed the Court that her mother was moving into an apartment building in the complex where the crime occurred and where the families of the defendants resided. Though she told the Court that she could remain fair and impartial, she also stated that she feared the possible consequences for her mother and herself when they would be seen by the

defendants' relatives. Jameson's counsel opposed the juror's removal since she had stated that she could remain fair and impartial.

*Jameson's Appeals.* Jameson's state court counsel did not raise the issue of the discharged juror on appeal to the New York State Appellate Division, Second Department. Instead he argued three different points: (1) defendant's confession should not have been admitted into evidence, (2) defendant's arrest in his home was invalid and without probable cause, and (3) defendant was not proven guilty beyond a reasonable doubt. The Second Department affirmed Jameson's conviction without opinion. *People v. Jamison,*[1] 103 A.D.2d 1047, 479 N.Y.S.2d 390 (1984), and leave to appeal was denied. Jameson's *pro se* writs for federal habeas corpus based on the same three points were denied. *Jamison v. LeFevre,* No. CV–85–2257 (E.D.N.Y. Jan. 23, 1986), *aff'd mem.,* 823 F.2d 544 (2d Cir.1987).

*Cargill's Appeals.* Jameson's co-defendant Cargill subsequently appealed his conviction to the Second Department on the sole ground that the trial court erred in dismissing the seated juror. Though the Appellate Division affirmed Cargill's conviction, the Court of Appeals reversed and ordered a new trial based on its conclusion that the juror had been unjustifiably excused. *People v. Cargill,* 70 N.Y.2d 687, 518 N.Y.S.2d 792, 512 N.E.2d 313 (1987). The Court of Appeals' decision derived from its prior holding in *People v. Buford,* 69 N.Y.2d 290, 514 N.Y.S.2d 191, 506 N.E.2d 901 (1987), that New York's "grossly unqualified" standard for discharging a sworn juror required a trial court to make an extensive inquiry as to whether a " ' "particular juror possesses a state of mind which would prevent the rendering of an impartial verdict." ' " *Cargill,* 70 N.Y.2d at 688, 518 N.Y.S.2d at 793, 512 N.E.2d at 314 (quoting *Buford,* 69 N.Y.2d at 298, 514 N.Y.S.2d at 195, 506 N.E.2d at 905, and *People v. West,* 92 A.D.2d 620, 622, 459 N.Y.S.2d 909, 913 (1983) (Mahoney, P.J., dissenting), *rev'd on dissenting opinion below,* 62 N.Y.2d 708, 476 N.Y.S.2d 530, 465 N.E.2d 37 (1984)). In reviewing Cargill's conviction,

1. Jameson's last name was misspelled in most of the prior proceedings.

the Court of Appeals suggested that the trial judge had not engaged in a sufficiently "probing and tactful inquiry" to determine whether the excused juror would be "unable to deliberate fairly and render an impartial verdict." Because the juror had been discharged without such inquiry, the Court of Appeals ordered a new trial. *Cargill*, 70 N.Y.2d at 689, 518 N.Y.S.2d at 793, 512 N.E.2d at 314. At his new trial, Cargill was again convicted.

### Discussion

Jameson now contends that he received ineffective assistance of counsel because his state court counsel failed to argue to the Second Department that Jameson was prejudiced by the unwarranted discharge of the juror. Appellant also asserts that the brief his counsel submitted to the Second Department made untenable arguments.

■ To prevail on his ineffective assistance claim, appellant must show both that his counsel acted "outside the wide range of professionally competent assistance," and that the deficiencies in his counsel's performance were prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 690, 691–92, 104 S.Ct. 2052, 2065, 2066–67, 80 L.Ed.2d 674 (1984). In making a determination on the first point, a court must "judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct.*" *Id.* at 690, 104 S.Ct. at 2066 (emphasis added); *see also Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). Based on the precedents of the Second Department at the time of Jameson's appeal, it was reasonable for counsel to conclude that raising the jury discharge issue would not have been effective appellate strategy.

In *People v. Meyer*, 78 A.D.2d 662, 664, 432 N.Y.S.2d 219, 222 (1980), the Second Department had held that dismissal of a juror was not only permissible but mandatory where a juror's relationship with a prosecution witness created only an " 'implied bias' which would likely have precluded the juror from rendering an impartial verdict." In reviewing Jameson's petition, the District Court noted that even the New York Court of Appeals' decision in *West*, which is the earliest of the relevant Court of Appeals decisions on the jury discharge question, had not been decided until after the briefs had been filed in Jameson's appeal to the Second Department. At the time Jameson's state court brief was filed, the Third Department's majority opinion upholding West's conviction was consistent with the Second Department's holding in *Meyer*. *See West*, 92 A.D.2d at 621, 459 N.Y.S.2d at 911 (holding that jurors were properly dismissed where they had expressed reservations about manner in which trial was conducted).

Thus, at the time counsel appealed Jameson's conviction to the Appellate Division, he was entitled to believe that it would have been futile to argue that the trial judge had erred in granting a juror's request to be excused after expressing fear related to the circumstances of the case. Hence, we cannot conclude that counsel's decision not to include excusing the juror as a ground of appeal to the Second Department rendered his performance "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *see Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985) (an appellate attorney "need not advance *every* argument, regardless of merit, urged by the appellant") (emphasis in original). Indeed, the Supreme Court has held that even where a criminal defendant has requested that his attorney raise certain issues on appeal (and Jameson did not urge that the juror issue be raised), there is no constitutional right "to have appellate counsel raise every nonfrivolous issue that the defendant requests." *Jones v. Barnes*, 463 U.S. 745, 754 n. 7, 103 S.Ct. 3308, 3314 n. 7, 77 L.Ed.2d 987 (1983). Nor can counsel be deemed incompetent for failing to predict that the New York Court of Appeals would later overrule the Second Department's reasonable interpretation of New York law. *See Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir.) ("The Sixth Amendment does not require [appellate] counsel to forecast changes or advances in the law, or to press meritless arguments before a court."), *cert. denied*, — U.S. —, 114 S.Ct. 154, 126

L.Ed.2d 116 (1993); *United States ex rel. Roche v. Scully,* 739 F.2d 739, 742–44 (2d Cir.1984).[2] Because the petitioner has failed to satisfy the first prong of the *Strickland* test in his ineffective assistance of counsel claim arising out of his attorney's decision not to raise the discharged juror issue, we need not reach the State's additional argument that the appellant was not prejudiced by the failure to raise the issue.

■ Appellant further asserts that the three arguments that his state court counsel did present to the Appellate Division were untenable. The point now urged by his new counsel is that these arguments were so lacking in merit that, by comparison, the omitted issue regarding the excused juror was the more promising and should have been included. We doubt that constitutional ineffectiveness of appellate counsel can be predicated on a finely calibrated measurement of the relative lack of merit of several issues, all of which appeared unlikely to result in a new trial based on the case law "as of the time of counsel's conduct." *See Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. We would, of course, have a different case if the three issues presented had been advanced in preference to an omitted issue that appeared to be meritorious. Moreover, appellant does not assert that he would have prevailed on any of the three arguments in the brief had they been presented more clearly or effectively.

The decision of the District Court is affirmed.

---

2. We note that even judges of our Court have not always been successful in predicting that the Appellate Division's view of state law would be changed by the Court of Appeals. In *Claudio v. Scully,* 982 F.2d 798 (2d Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1993), we concluded that a New York state constitutional claim that had been rejected by the Appellate Division had a "reasonable probabili-

ty" of success before the New York Court of Appeals, and that the habeas petitioner had received ineffective assistance of counsel because of his attorney's failure to raise the state law claim. *Id.* at 803–05. On reargument precipitated by our granting of habeas corpus relief, the New York Court of Appeals rejected the claim. *See People v. Claudio,* 83 N.Y.2d 76, 607 N.Y.S.2d 912, 629 N.E.2d 384 (1993).