**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Kareem A. NAGIB, Defendant–Appellant.**

**No. 93–4018.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 7, 1994.

Decided Jan. 13, 1995.

Matthew L. Jacobs, Asst. U.S. Atty. (argued), Milwaukee, WI, for plaintiff-appellee.

Robert L. Graham, Stephen L. Wood (argued), Stephen A.K. Palmer, Jenner & Block, Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, and WELLFORD * and EASTERBROOK, Circuit Judges.

* Hon. Harry W. Wellford, United States Circuit Judge for the Sixth Circuit, sitting by designation.

WELLFORD, Circuit Judge.

On October 1, 1990, the district court entered judgment of conviction and sentenced defendant, Kareem Nagib ("Nagib"), on various drug charges. Pursuant to Federal Rule of Appellate Procedure 4(b), Nagib had ten days in which to perfect a timely appeal. *See* FED.R.APP.P. 4(b). On the last available day, October 11, 1990, Nagib's counsel filed a motion to reconsider the sentence pursuant to Federal Rule of Criminal Procedure 35(b). As a previous panel of this court has already noted in this case, Rule 35(b) no longer allows such a motion after the adoption of the Federal Sentencing Guidelines. *See* 936 F.2d 292, 294 (7th Cir.), *cert. denied,* 502 U.S. 950, 112 S.Ct. 399, 116 L.Ed.2d 349 (1991). It is undisputed that this motion did not toll the running of Rule 4(b)'s ten day time limit.

Realizing his error, Nagib's counsel filed a motion on October 29, 1990, to enlarge the time to appeal under Rule 4(b). Rule 4(b) allows the district court to enlarge the available time to file a notice of appeal if the moving party demonstrates "excusable neglect." FED.R.APP.P. 4(b). If the district court makes such a finding, Rule 4(b) authorizes the judge to enlarge the available time period to thirty days beyond the time originally allowed by the Rule. The district judge made a finding of "excusable neglect" and enlarged the period to file Nagib's appeal to thirty days from November 7, 1990. On November 15, 1990, Nagib filed a notice of appeal.

Because we concluded we were without jurisdiction, this court dismissed Nagib's appeal without reaching the merits. *See* 936 F.2d at 295. Judge Easterbrook, speaking for the court, explained that even if there was excusable neglect to justify enlargement under Rule 4(b), the district court improperly extended the time to file the appeal. *Id.* He noted that but for the improvident Rule 35(b) motion, Nagib would have been foreclosed from filing an appeal after October 11, 1990, and that Rule 4(b) allowed the district court to extend the period of filing for thirty days beyond that date. Thus, the last possible day Nagib could have perfected a timely appeal was November 10. Since Nagib did not file his notice of appeal until November 15, Judge Easterbrook concluded "[t]he appeal is therefore untimely, and as the limit established by Rule 4(b) is jurisdictional, Nagib's appeal must be dismissed." *Id.* (citing *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)).

Sixteen months later, in November of 1992, Nagib filed a motion under 28 U.S.C. § 2255, collaterally attacking the district court's judgment of conviction. Nagib asked the district court to set aside his conviction and enter a new judgment to enable him to take a direct appeal to this court. As grounds for his petition, Nagib argued that his former lawyer, subsequently replaced, had provided him ineffective assistance of counsel in violation of his Sixth Amendment rights. The district court agreed and vacated his sentence. The district judge resentenced Nagib, and he subsequently filed this timely direct appeal from the resentencing.

## I. *MUST NAGIB SHOW PREJUDICE?*

Under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), an appellant claiming ineffective assistance of counsel must show: 1) that his "counsel's performance was deficient," and 2) that the deficiency "prejudiced the defense." The *Strickland* standard, however, allows for a "presumption" of prejudice where there is an "[a]ctual or constructive denial of the assistance of counsel altogether." *Id.* at 692, 104 S.Ct. at 2067. *Strickland* noted that "[p]rejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost. Moreover, such circumstances involve impairments of the Sixth Amendment right that are easy to identify." *Id.* (citation omitted).

The district court agreed with Nagib's argument that his lawyer's error in pursuing an appeal constituted *per se* ineffective assistance of counsel, thereby relieving him of the heavy burden to show prejudice. At the time of the district court's opinion, this court had not spoken directly to this issue. In *Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994), however, we held: "If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant

has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the [S]ixth [A]mendment." *Id.* at 718 (emphasis in original).

In *Castellanos*, we joined every other circuit that has addressed the question in holding that a showing of prejudice is not required under *Strickland* when the defendant sought to appeal his conviction but his attorney, in effect, "abandoned" the appeal. *See, e.g., United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir.1988). In *Castellanos*, we focused on the possible reasons for failing to pursue a direct appeal. We explained that a " '[r]equest' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue." *See Castellanos*, 26 F.3d at 719. In *Castellanos*, the lawyer never filed a notice of appeal even though the defendant instructed him to do so. *Id.* at 718. Judge Easterbrook, speaking for the court, concluded that the "prejudice" prong was inappropriate under those circumstances because "the defendant never receive[d] the benefit of a lawyer's services in constructing potential appellate arguments." *Id.*

We do not believe the district judge characterized this case as one of abandonment. Nagib's counsel filed post-sentence motions in the district court and took an ineffectual appeal. The question, then, is whether, in the absence of such a specific finding, Nagib is required to show prejudice, and if so, whether he is able to do so. The circumstances of this case may indeed fall within the *Castellanos* ambit, since Nagib's counsel did "drop the ball" in assisting him in pursuing a timely appeal.

Nagib's counsel, however, did not refuse or neglect to file a notice of appeal. Rather, he filed an ill-advised motion and then an untimely notice of appeal. *Castellanos* held that "prejudice" must be shown by a defendant unless "the lawyer fails to show up for appeal—which can occur either if the lawyer *fails to initiate* an appeal or if the lawyer *fails to prosecute* the appeal." *Id.* at 719 (emphasis added).

In determining whether this case falls within *Castellanos,* a recent decision by the Ninth Circuit is instructive. In *United States v. Horodner*, 993 F.2d 191 (9th Cir. 1993), defendant was convicted of violating 18 U.S.C. § 922. His attorney filed a notice of appeal, but it was untimely. *Id.* at 192. The Ninth Circuit dismissed Horodner's appeal as untimely in violation of Federal Rule of Appellate Procedure 4(b). *Id.* Defendant sought vacatur and resentencing pursuant to 28 U.S.C. § 2255, arguing that his lawyer's failure to perfect a timely appeal in accord with his instructions constituted *per se* ineffective assistance of counsel. *Id.* at 194–95. The district court denied the petition and he appealed.

In ordering the case remanded to determine whether Horodner consented to the abandonment of his appeal, the Ninth Circuit expressly *rejected* a distinction between filing an untimely appeal and failing to file at all. *Id.* at 195. The court explained that in *Lozada v. Deeds*, 964 F.2d 956, 958 (9th Cir.1992), it held that prejudice need not be shown to establish ineffective assistance of counsel when the defendant's lawyer failed to file a notice of appeal despite his client's instructions. *Id.* The *Horodner* court stated that "[i]n *Lozada*, the defendant's counsel failed to file a notice of appeal. Here, the notice of appeal was filed but it was filed out of time. The legal effect is the same." *Id.* Accordingly, defendant was relieved of the prejudice requirement of *Strickland. Id.*

The Ninth Circuit apparently sees no meaningful distinction for the purposes of a *Strickland* analysis between attorney nonfeasance (*i.e.,* where a defendant instructs his counsel to appeal and the lawyer never files a notice of appeal) and attorney misfeasance (*i.e.,* where a defendant instructs his counsel to appeal but the notice of appeal is filed untimely due to attorney error). *Cf. Williams*, 849 F.2d at 1137 n. 3 (" '[C]ourts have found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the defendant of the

right to appeal.'"). In *Castellanos*, however, we used the word "abandonment" to describe the type of circumstance under which a defendant might be relieved of the burden to show prejudice under *Strickland*. Though we cited *Horodner* in our *Castellanos* decision, we have never decided whether the no prejudice rule set forth in that case extends to instances of lawyer misfeasance such as in *Horodner* and the case at bar. On the record before us, we decline to do so today.

## II. *DID NAGIB CONSENT TO THE INITIAL TARDY APPEAL?*

■ *Horodner* did not reach the merits of the defendant's appeal because there was nothing in the record indicating whether Horodner had instructed his counsel in a timely manner to file a notice of appeal. Although Horodner alleged that he instructed his counsel to appeal, the court refused to resolve the matter on the factual record before it, concluding that "[t]he question thus becomes: Did Horodner consent to the abandonment of his appeal from his 1987 convictions? We cannot answer this from the record before us. Remand is necessary." *Horodner*, 993 F.2d at 195.

In *United States v. Mosley*, 967 F.2d 242 (7th Cir.1992), we followed this approach when we held that

> [r]elief depended, then, on proof that Mosley's lawyer dropped the ball. Instead of taking a "quick and simple" path, the district court *must take the longer but proper path of figuring out what happened.* Did Mosley's lawyer render ineffective assistance? Is Mosley's memory playing tricks on him? Is he making it all up in a desperate effort to have the appeal he willingly bypassed in 1989?

*Id.* at 244 (emphasis added). Similarly, in *Castellanos*, we stated that

> [b]ecause the district judges in these cases concluded that Castellanos and Streete lacked good prospects on direct appeal, they did not decide whether the defendants actually instructed their lawyers to take appeals. We vacate the judgments of the district court and remand so that the courts *may determine whether Castellanos and Streete timely told their lawyers that*

*they wanted appellate review.* If the answer is yes, then the court should enter an order providing ... the right to an appellate proceeding, as if on direct appeal.

*See Castellanos*, 26 F.3d at 720 (emphasis added).

The district judge in the case at bar did not have the benefit of our decision in *Castellanos*. As a result, he never addressed the legal or factual distinction, if there is one, between a case of lawyer nonfeasance and lawyer misfeasance. Because he held Nagib did not have to show prejudice, the district judge never considered whether Nagib could have made that showing. In short, the factual record before us is not conducive to our resolution of either the jurisdictional question or the merits.

The dissent argues that remand is unnecessary because it is unlikely that Nagib was responsible for the filing of his untimely appeal. Judge Posner may indeed be correct, but the district court made no finding that Nagib requested, in a timely manner, that his lawyer file an appeal. Moreover, there is nothing in the record independently to support such a conclusion. The dissent, of course, *presumes* that Nagib instructed his counsel to seek appellate review because it is unlikely that Nagib even knew about Rule 35 motions or the time limits for appeal. The problem remains, however, that if Nagib first instructed his lawyer to appeal on October 12, 1990—after consenting to his counsel's strategic decision to file a motion to reconsider the sentence on the very last day available under Rule 4(b)—he may not be able to demonstrate prejudice. The record does not reflect whether Nagib requested, in a timely fashion or at all, that his lawyer file a notice of appeal. Thus, we must REMAND to determine whether Nagib's lost appeal is due entirely to his lawyer's error or perhaps, in part, to his own negligence. This court's decisions in *Mosley* and *Castellanos* indicate that such findings must be made by the trial court. We are not unsympathetic to the dissent's concern about delay, but we continue to believe that remand is the proper course.

We believe, under the circumstances, that this case should be REMANDED to the district court to consider and make specific findings with respect to abandonment and the exact nature of Nagib's request for appeal, and to consider the issue of prejudice in light of *Castellanos, Horodner,* and the other authorities herein considered.

We, therefore, REMAND this case on the jurisdiction issue discussed for further consideration by the district court in accordance with this opinion.

POSNER, Chief Judge, dissenting.

There is no good reason to remand the case for a determination of whether Nagib received ineffective assistance of counsel in his first appeal. Plainly he did. It makes no sense to spin this case out longer.

After Nagib's appeal was dismissed as untimely, he filed a motion for postconviction relief under 28 U.S.C. § 2255, arguing that his original lawyer had been guilty of ineffective assistance of counsel in failing to perfect the appeal. The district judge granted the motion on the ground that failure to perfect an appeal is ineffective assistance per se, so prejudice to the client need not be shown. The judge then resentenced Nagib so that he could file a timely appeal. Decisions by this court discussed in Judge Wellford's opinion cast doubt on the soundness of the per se rule, and I shall assume that it is unsound. Nevertheless the judge acted correctly in allowing Nagib in effect to take an untimely appeal if there was ineffective assistance of counsel as a matter of fact in the first round. It might seem obvious that there was if the lawyer's failure to take a timely appeal was prejudicial to Nagib—which is to say if Nagib might have prevailed on appeal had that lawyer been competent—unless Nagib was somehow personally responsible for his lawyer's dropping the ball, which seems highly implausible. I shall have to consider the possibility because of the emphasis that Judge Wellford's opinion places on it, but I defer my discussion of it to the end of this opinion.

I suppose that it is *conceivable* that the lawyer was behaving strategically—that he filed an untimely appeal in the expectation that Nagib would somehow do better if he could postpone the date on which his appeal came before this court. But this is *so* highly implausible, given the risk of forfeiture, that I shall pursue it no further. Another speculation concerning a possible strategic dimension to the lawyer's behavior has surfaced in the portion of the majority opinion that replies to this dissent. It is that Nagib's lawyer made a "strategic decision to file a motion to reconsider the sentence on the very last day available under Rule 4(b)." This is a most implausible suggestion too. The previous opinion, the one dismissing Nagib's appeal as untimely, had called the failure of Nagib's lawyer to file a timely appeal not strategic, but "inexplicable." 936 F.2d at 295. Judge Wellford's opinion itself describes the action of Nagib's lawyer as an "error," as "ill-advised," and as " 'drop[ping] the ball.' " The lawyer persuaded the district court that the appeal had been untimely because he was not knowledgeable about the federal rules of criminal procedure. We have no ground for disbelieving the lawyer, and if he is truthful there can be no basis for an inference that he was acting strategically.

Nor is there any basis for a conclusion that the lawyer's assistance to Nagib, when viewed as a totality, might have been effective despite his having booted the appeal. The only issue before us is whether Nagib received ineffective assistance *on appeal,* and no one contends that ineffective assistance on appeal could be excused by the lawyer's having rendered brilliant though unavailing assistance at trial. If appellate counsel renders ineffective assistance, he deprives his client of the client's Sixth Amendment right to counsel, *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985); *Hollenback v. United States,* 987 F.2d 1272, 1275 (7th Cir.1993); *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986), regardless of how skillfully he conducted the defense at trial; and the proper remedy is to allow a new appeal. *Page v. United States,* 884 F.2d 300, 302 (7th Cir.1989).

It is apparent that Nagib was prejudiced by his lawyer's failure to perfect the original appeal. It is true that when that appeal was before a panel of this court (along with the

appeal of a codefendant), the panel, after finding the appeal untimely, remarked, "Lest all of this be a prelude to a collateral attack based on ineffective assistance of counsel, we add that the appeal was going nowhere on the merits. We would not have reversed even were we possessed of jurisdiction." *United States v. Dumont,* 936 F.2d 292, 295 (7th Cir.1991). This was dictum and, with all due respect, it is incorrect. For at Nagib's trial the district judge had admitted prior "bad acts" evidence without making any finding that the evidence was both probative and not unduly prejudicial. The omission was potentially a serious one because, as the judge himself acknowledged, the case against Nagib was a close one. And the point was raised in Nagib's original appeal; more on this later.

Yet the fact that Nagib was prejudiced by his lawyer's failure to perfect the original appeal does not by itself establish ineffective assistance of counsel. Ineffective assistance has two elements. Prejudice is the second. The first is that the lawyer failed to come up to minimum standards of competent representation. It is tempting to elide careful inquiry into the presence of this element in a case such as this where the lawyer files an untimely appeal. (Judge Wellford does not discuss it.) But suppose the appeal had been timely but had raised the wrong grounds. A defendant cannot appeal, lose, and then file another appeal with better grounds. Even the fact that an appeal fails to raise what in hindsight was the appellant's strongest ground for reversal is not ineffective assistance per se. Appellate lawyers have to make choices about which grounds to raise. Courts have frequently warned against a blunderbuss approach. E.g., *Jones v. Barnes,* 463 U.S. 745, 751–53, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983); *United States v. Schimmel,* 950 F.2d 432, 434 (7th Cir.1991). If a lawyer makes a reasonable selection from among the potential grounds of appeal, the fact that the selection turns out to be mistaken does not convict him of ineffective assistance. *Jones v. Barnes, supra; Bond v. United States,* 1 F.3d 631, 635 n. 2 (7th Cir.1993); *Page v. United States, supra,* 884 F.2d at 302–03; *Jameson v. Coughlin,* 22 F.3d 427, 430 (2d Cir.1994).

Because the government has not contested jurisdiction, neither party has bothered to advise us what grounds Nagib's original counsel raised in the untimely appeal. Suppose he had failed to raise the "bad acts" issue. Then we would have to study Nagib's brief in that appeal and make a judgment whether his lawyer was incompetent or merely mistaken in omitting his client's best ground. *Gray v. Greer, supra,* holds that in making such a determination the reviewing court must examine the trial record. 800 F.2d at 647. That was a habeas corpus case, and the reviewing court in question was the federal district court. Where, as in this case, the court of appeals is making a decision concerning the adequacy of counsel in the court of appeals itself, there is no point in asking the district court to make the decision. It cannot know as well as we what constitutes incompetent representation in our court. If the lawyer was merely mistaken, Nagib would not be entitled to a second appeal on a different ground merely because the first appeal was untimely. That would give a defendant whose lawyer had filed an untimely appeal more rights than other defendants. Put differently, if the only act constituting ineffective assistance of counsel were failing to perfect the appeal, all that in logic the defendant would be entitled to would be a second appeal *on the same brief.*

Although Nagib's original appeal brief has not been submitted to us, it is, of course, a document in our possession of which we can take judicial notice. I have looked at it. The very first argument is that the district judge should have excluded the bad acts evidence, and in making this argument the brief points out that the judge failed to make the required balancing of probative value and prejudicial effect. I think it follows ineluctably that Nagib has a good claim of ineffective assistance of counsel. His lawyer filed an untimely brief. That was incompetent representation. But for that incompetence, Nagib would have presented to this court a meritorious claim for a remand.

The dictum in the previous opinion is no obstacle to this conclusion. The original panel would not have dealt so cavalierly with

Nagib's grounds for appeal had it thought itself authorized and obliged to *decide* the merits of the appeal.

The original brief failed to raise a second issue that Nagib presses on his current appeal, concerning the exclusion of a statement by Nagib's coconspirator arguably exculpating Nagib. This is a weaker ground than the bad acts ground, and I would be disinclined to rule that Nagib's original counsel had been guilty of ineffective assistance in failing to include it in his brief. Therefore he cannot raise it in his new appeal. But this bar does not apply to his strongest ground, the admission of the bad acts evidence.

If I am right so far, the only question that remains is whether a remand is necessary to determine whether Nagib was personally responsible for the untimeliness of the first appeal. If he was, Nagib cannot get to first base with this appeal. Even if his lawyer rendered ineffective assistance in the first round, Nagib cannot take an untimely appeal unless his lawyer was responsible for making the appeal untimely; there is no right under the Sixth Amendment to protection from oneself. And failure to take a timely appeal cannot automatically be blamed on the lawyer. *United States v. Mosley*, 967 F.2d 242, 244 (7th Cir.1992); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994). Judge Wellford is right to point that out. The client may have made it impossible for the lawyer to file a timely appeal. But not in this case. As the *Dumont* opinion explains, instead of filing the notice of appeal within ten days Nagib's lawyer filed a motion for reconsideration. Unbeknownst to that lawyer, such a motion is no longer authorized in federal criminal cases. The lawyer explained, as I have said, that he didn't know the federal criminal rules. It is inconceivable to me, and it is not argued by anyone, that Nagib, knowing the rules better than his lawyer, told the lawyer to go ahead and file a paper in the district court that could have the sole effect of destroying Nagib's right to appeal.

Even though no one has argued that Nagib participated in his lawyer's booting of the first appeal, even though the first panel said that "Nagib has only his lawyer to blame,"

936 F.2d at 295, and even though that lawyer has acknowledged that the failure to file a timely appeal was due to his ignorance of federal law, Judge Wellford speculates that Nagib may have "first instructed his lawyer to appeal ... after consenting to his counsel's strategic decision to file a motion to reconsider the sentence on the very last day available." I pointed out earlier that there is no basis for a conjecture that the lawyer made a "strategic decision" about anything. How then could Nagib have consented to the decision? What possible basis is there for conjecturing that Nagib "knew about Rule 35 motions or the time limits for appeal"? Anything is *possible*. The moon may be made out of green cheese after all. But the law does not insist on metaphysical certainty, even when the issue is the imposition of capital punishment on a person who denies that he is guilty.

The law's delay is an old story. Nagib was indicted more than five years ago. He may well be entitled to a new trial. *Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir. 1991); *Jameson v. Coughlin, supra*, 22 F.3d at 430. It is clear beyond any reasonable doubt that he received ineffective assistance of counsel. The majority is asking for a degree of certainty that is inconsistent with the efficient and expeditious conduct of federal judicial business. We should remand this case with instructions that the district judge reexamine his ruling on the admission of the bad acts evidence under the correct legal standard and that, if he concludes that the evidence should have been excluded, he grant Nagib a new trial.