Robert PEACE, Petitioner–Appellant,

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 05–6977–pr.

United States Court of Appeals, Second Circuit.

Nov. 7, 2007.

Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY, for Appellant.

Rua M. Kelly, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Kenneth Allen Polite, Jr., Jonathan S. Kolodner, Assistant United States Attorneys), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Robert Peace seeks review of an order of the District Court denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal of a denial of a § 2255 motion, "we review a district court's conclusions of law *de novo* but will accept its factual findings unless they are clearly erroneous." *Sapia v. United States*, 433 F.3d 212, 216 (2d Cir.2005). The Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides that in order to prove a Sixth Amendment violation for ineffective assistance of counsel, petitioner must show both (i) "that counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms," *id.* at 688, 104 S.Ct. 2052; and (ii) "that the deficient performance prejudiced the defense," *id.* at 687, 104 S.Ct. 2052. *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir.2001) (applying the same test to claims of ineffective assistance of counsel on appeal).

Petitioner-appellant argues that his Sixth Amendment right was violated when his counsel, on direct appeal, failed to challenge his sentence based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We note that, at the time of his direct appeal, petitioner's *Apprendi* argument was foreclosed by our decision in *United States v. Luciano*, 311 F.3d 146, 151 (2d Cir.2002) (concluding that where "the defendant's sentence is within the otherwise applicable maximum, no violation of *Apprendi* has occurred"). It was more than two years after appellate counsel filed the direct appeal that our court decided *United States v. Gonzalez*, 420 F.3d 111, 115–16 (2d Cir.2005) (holding that drug quantity is an element of an offense for the purposes of determining a mandatory minimum and, accordingly, must be found by a jury). We have repeatedly held, when assessing the "objective standard of reasonableness" component of *Strickland*, that counsel is "not required to 'forecast changes or advances in the law.'" *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir.2001) (quoting *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir.1994)); *see also Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994). Therefore, we cannot say that appellate counsel's failure to raise an *Apprendi* challenge was objectively unreasonable.

The judgment of the District Court is **AFFIRMED.**