22-3179
United States v. Leonard

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                      No. 22-3179

RAYMOND LEONARD,

*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Nicholas J. Moscow, Andrew D. Grubin, Assistant United States Attorneys, of counsel, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Elizabeth M. Johnson, Law Office of Elizabeth M. Johnson, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Leonard pleaded guilty to illegal reentry following his 2010 deportation. He appeals his conviction, arguing that the district court should have granted his motion to dismiss the indictment because the underlying deportation order is invalid, since one of the two convictions on which the order was premised was not for a crime of moral turpitude. His failure to raise that argument on direct review is excused, he argues, by his immigration counsel's ineffectiveness. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We affirm Leonard's conviction because he has not established that his counsel's performance was ineffective. *See United States v. Perez*, 330 F.3d 97, 101 (2d Cir. 2003). Even if one of the two convictions alleged by INS did not qualify as a crime of moral turpitude, INS could easily have added one or more additional qualifying convictions from Leonard's extensive criminal record. Leonard does not dispute this. Accordingly, on the facts of this case, his immigration counsel's failure to pursue this particular moral-turpitude argument more doggedly did not constitute ineffectiveness. *See Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1994) (counsel's failure to raise argument "he was entitled to believe . . . would have been futile" under existing law was not ineffective). Leonard has therefore not established that the deportation order can be collaterally attacked.

\* \* \*

We have considered Leonard's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court