People v Hawse (2025 NY Slip Op 06290)

People v Hawse

2025 NY Slip Op 06290

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 981/19|Appeal No. 5167|Case No. 2022-02674|

[*1]The People of the State of New York, Respondent,
v
Kevin Hawse, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Mary McGarvey-DePuy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered June 9, 2022, convicting defendant, after a jury trial, of attempted murder in the second degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 14 years, unanimously reversed, on the law, and the matter remanded for a new trial.
Supreme Court discharged a sworn juror following the prosecution's opening statement. The juror, a registered nurse, initially stated that his conscience made him uncomfortable passing judgment. He did acknowledge, however, that he could be fair and could vote appropriately based on the evidence. Following the court's inquiry on this issue, an off-the-record conversation occurred between the court, counsel, and defendant. After this discussion, the court asked a series of questions about the juror's ability to understand English, ultimately inquiring whether "some of the things that you didn't understand are weighing on your conscience in terms of whether or not you could be fair in this case and be a just juror?" The juror's final response was that, yes, "my conscience is telling me that . . . I shouldn't judge anybody." Upon the juror's discharge, defendant's counsel objected.
Taking into account all of the exchanges between the court, counsel, and the subject juror, the record does not support the court's conclusion that the juror was "grossly unqualified" based on lack of proficiency in English (CPL 270.35[1]; see generally People v Cargill , 70 NY2d 687, 688-689 [1987]; People v Buford , 69 NY2d 290, 298-299 [1987]). Because "there was insufficient reason to discharge the juror," a new trial is required (Buford , 69 NY2d at 299). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025