07-5368-cr(L); 08-5929-cr(CON)
USA v. Bryant (Jones)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                 Nos. 07-5368-cr(L); 08-5929-cr(CON)

KENWAYNE JONES,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:     BETH M. FARBER, New York, NY

For Appellee:            JAMES P. LOONAN (David C. James, *on the brief*), Assistant United States Attorneys *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY

_____

Appeal from the United States District Court for the Eastern District of New York (Trager, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Kenwayne Jones appeals from a judgment of conviction entered on November 7, 2008 (Trager, *J.*), following a jury trial, convicting him of nine felony counts, including racketeering, racketeering conspiracy, conspiracy to kidnap, kidnapping, conspiracy to rob, attempted robbery, use of a firearm in furtherance of a crime of violence, conspiracy to possess with intent to distribute cocaine base, and distribution and possession with intent to distribute cocaine base. Jones was sentenced principally to 252 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

Jones argues that he was substantially prejudiced by the variance between the conspiracy charged in the indictment and the one proved at trial. Jones alleges that his "convictions [were] obtained on the theory that all defendants were members of a single conspiracy although, in fact, the proof disclosed multiple conspiracies." *United States v. Bertolotti*, 529 F.2d 149, 154 (2d Cir. 1975). Here, the jury reasonably found that the government had proved the single conspiracy alleged in the indictment beyond a reasonable doubt, and therefore no variance error occurred. *See United States v. Payne*, 591 F.3d 46, 62 (2d Cir. 2010). Nor do we find the district court's failure to give a multiple-conspiracies instruction to be error because "only one conspiracy [was] alleged and proved." *See United States v. Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990) (internal quotations omitted).

Jones next contends that he was denied his right to present a complete defense when the district court neither ordered the government to immunize a defense witness who had asserted his Fifth Amendment privilege nor limited the government's cross-examination of that witness so as

not to implicate the privilege. Jones's argument fails because there is no evidence here of the type of overreaching or manipulation of the immunity device for tactical reasons by the prosecution that might require the court to compel the government to immunize his witness. *See United States v. Ebbers*, 458 F.3d 110, 119 (2d Cir. 2006). Nor did the district court err in declining to limit the government's cross-examination because such a limitation would have precluded the government from meaningfully cross-examining the witness. *See United States v. Brooks*, 82 F.3d 50, 54-55 (2d Cir. 1996) (describing meaningful cross-examination).

Jones finally asserts that his sentence must be remanded in light of our decision in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009). Jones's argument is foreclosed by our subsequent decision in *Payne*, 591 F.3d at 68.

We have reviewed Jones's remaining arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK