12-3818-pr
*Jones v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand and thirteen.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KENWAYNE JONES,

            *Petitioner-Appellant,*

            -v.-                                     No. 12-3818-pr

UNITED STATES OF AMERICA,

            *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**          ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY.

**FOR RESPONDENT-APPELLEE:** JAMES P. LOONAM (Emily E. Berger, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from an August 9, 2012 order of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*, at trial and Frederic Block, *Judge*, on the habeas claim).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 9, 2012 order of the District Court be **AFFIRMED**.

On November 7, 2008, a jury found petitioner-appellant Kenwayne Jones ("Jones") guilty of nine felony counts including racketeering, racketeering conspiracy, conspiracy to kidnap, kidnapping, conspiracy to rob, attempted robbery, use of a firearm in furtherance of a crime of violence, conspiracy to possess with intent to distribute cocaine base, and distribution and possession with intent to distribute cocaine base. The District Court for the Eastern District of New York (David G. Trager, *Judge*) sentenced Jones principally to 252 months' imprisonment. We affirmed Jones's conviction and sentence on appeal. *United States v. Jones*, 375 F. App'x 95 (2d Cir. 2010). Jones subsequently moved in the District Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255,[1] and the District Court (Frederic Block, *Judge*)[2] denied the motion. *Jones v. United States*, No. 11 Civ. 3700 (FB), 2012 WL 3288749, at *3 (E.D.N.Y. Aug. 9, 2012). Jones now appeals.

## BACKGROUND

We assume familiarity with the underlying facts and procedural history of this case, and reiterate only those details directly relevant to this appeal. Jones's conviction arose out of his membership in the Cash Money Brothers ("CMB"), a Brooklyn-based violent drug gang formed in the early 1990s by, *inter alia*, Damion Hardy. As of 2002, Jones was regarded as Hardy's "right-hand man" and, in that capacity, was involved in CMB's drug activities and related violence, including the attempted robbery and kidnapping of a drug dealer named Ashabudeen Shakoor in July 2002. Jones was not associated with CMB prior to 2001.

---

[1] In relevant part, 28 U.S.C. § 2255 provides:

**(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2] Judge Trager died in 2011 and the case was reassigned to Judge Block.

On July 7, 2005, Jones was indicted along with twelve other CMB associates, some of whom were charged with murder and were eligible for the death penalty. At his arraignment and throughout trial, Jones was represented by Susan Kellman ("Kellman"). At the initial appearance in August 2005, the District Court designated the case as "complex" within the meaning of the Speedy Trial Act,[3] over Kellman's objection. Kellman again raised the delay of trial at an October conference in connection with an attempt to sever Jones's trial from that of the death-penalty-eligible defendants. Ultimately, with the District Court's endorsement, the parties reached an agreement to sever the non-murder defendants (including Jones), and set a trial date for those defendants in September 2006—the earliest feasible date for all parties. On September 6, 2006, Jones was arraigned on a superseding indictment. On September 18, 2006, over a year after he first appeared in court, Jones proceeded to trial with one codefendant, James Sessoms, who had been a member of CMB since the early 1990s.

After a month-long trial, a jury convicted Jones on nine felony counts, for which the District Court sentenced Jones principally to 252 months' imprisonment. We affirmed the conviction and sentence in full. *Jones*, 375 F. App'x at 96. Jones sought habeas relief pursuant to 28 U.S.C. § 2255, which the District Court denied. *Jones*, 2012 WL 3288749, at *3. Jones now appeals the judgment of the District Court. In particular, Jones argues that his trial counsel was constitutionally ineffective for: (1) failure to preserve his rights under the Speedy Trial Act; and (2) failure to seek an appropriate jury charge regarding the existence of multiple conspiracies, or to argue that the evidence showed, if anything, a different conspiracy than the one charged in the indictment.[4] Appellant's Br. 18-19.

---

[3] The Speedy Trial Act provides, in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Certain periods of delay may be excluded from the calculation of time including a judge-granted "continuance on the basis . . . that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 1361(h)(7)(A). One justification for such a continuance is where "the case is so unusual or so complex, due to the number of defendants, [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 1361(h)(7)(B)(ii).

[4] Before the District Court, Jones argued that Kellman was ineffective for failure to (1) preserve Jones's right to a speedy trial; (2) object to the trial court's lack of a multiple conspiracy jury instruction; and (3) request adjournment of sentencing or make a Rule 35 motion. Jones also argued that the District Court erred by failing to consider the § 3553(a) factors and by failing to explain Jones's sentence, rendering the sentence procedurally unreasonable. The District Court denied each of these claims, and Jones presses only the first two arguments on appeal.

## DISCUSSION

On appeal from a district court's denial of habeas relief under 28 U.S.C. § 2255, we review factual findings for clear error and conclusions of law *de novo*. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012). In order to prevail on an ineffective assistance of counsel claim, Jones must demonstrate both that his counsel's performance was objectively deficient under prevailing professional standards and that he was actually prejudiced as a result of counsel's errors. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 692-93 (1984)). We have explained that "[a]ctions or omissions by counsel that 'might be considered sound trial strategy' do not constitute ineffective assistance." *Kieser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995) (quoting *Strickland*, 466 U.S. at 689). Moreover, the reasonableness of counsel's decisions is analyzed in view of the governing law and circumstances at the time the decisions were made. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1994).

### A. Speedy Trial Claim

With regard to his speedy trial claim, Jones presents no evidence that Kellman's assistance was deficient in any way, much less constitutionally inadequate. Kellman invoked Jones's speedy trial rights by objecting to the court's decision to designate the case "complex" for speedy trial purposes. That argument having failed, Kellman reached an agreement with the government, at the District Court's urging, to sever Jones's trial and have it tried on the earliest practicable date. In other words, the September 2006 trial date was the result of Kellman's entirely reasonable strategy for securing Jones a fair trial both with respect to timing (by raising his right to a speedy trial) and substance (by severing Jones's trial from that of the defendants charged with murder).

Jones's argument that Kellman should have moved to dismiss the indictment based on the Supreme Court's decision in *Zedner v. United States*, 547 U.S. 489 (2006), also fails. *Zedner* stands for the proposition that a defendant may not prospectively waive his rights under the Speedy Trial Act and forego the necessity of the District Court setting forth "'either orally or in writing, its reasons for finding' . . . the need for an ends-of-justice continuance." *Id.* at 500 (quoting 18 U.S.C. § 3161(h)(7)(a)). As it happens, the District Court here made such a finding—over Kellman's objections—based on the number of defendants, timespan of the charges, number of crimes charged, death eligibility and discovery issues in the case. *See* App'x 31-34 (designating the case as complex with the possibility of revisiting the issue). Thus, even if Kellman had had the benefit of

*Zedner* throughout her representation of Jones, there is no reason to believe it would or should have affected her strategy.[5]

Moreover, *Zedner* was decided just months before trial was set to commence. In view of the complexity of the case, dismissal based on *Zedner* was unlikely,[6] and had it been granted, the District Court almost certainly would have done so without prejudice to the government bringing another indictment.[7] *See Zedner*, 547 U.S. at 509 (remanding to the district court to determine whether the dismissal in this case should be with or without prejudice (citing 18 U.S.C. § 3162(a)(2)).

In short, Kellman's decision not to bring a motion to dismiss that was unlikely to succeed and would inevitably lead to further delay was perfectly reasonable.

### B. Multiple Conspiracy Claim

Jones's second argument is that his trial counsel was constitutionally ineffective "in failing to make the proper record and requests for a multiple conspiracies charge." Appellant's Br. 33. The District Court rejected this argument on the ground that the Court of Appeals had already considered, and rejected, the argument on direct appeal. *Jones*, 2012 WL 3288749, at *2 ("In addressing a § 2255 motion, a district court cannot revisit issues already decided on direct appeal." (citing *Yick Man Mui v. United States,* 614 F.3d 50, 53 (2d Cir. 2010)).

On appeal we held that "the jury reasonably found that the government had proved the single conspiracy alleged in the indictment beyond a reasonable doubt" and that the "district court's failure to give a multiple-conspiracies instruction [was not] error because only one conspiracy was

---

[5] Although the District Court did not specifically refer to the Speedy Trial Act in issuing his oral ruling, it is clear from the transcript that the justification for an "ends of justice" continuance was that "the case is so unusual or so complex, due to the number of defendants, [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 1361(h)(7)(B)(ii). Even *Zedner*, which was not decided at the time, does not require more at this early stage. *See Zedner*, 547 U.S. at 506-07 ("Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss").

[6] It is well established that a multi-defendant case involving activities over an extended period of time may justify a continuance under the Speedy Trial Act. *See , e.g.*, *United States v. Gonzales Claudio*, 806 F.2d 334, 341 (2d Cir. 1986); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). If, after *Zedner* was decided, Kellman *had* moved to dismiss on speedy trial grounds, the District Court—with the benefit of the teaching of *Zedner*—would have had no trouble justifying the delay, which *Zedner* requires *on the record* only at the motion-to-dismiss stage. *See Zedner*, 547 U.S. at 506-07.

[7] The likelihood that any dismissal would have been without prejudice also undermines any claim that Jones was prejudiced by Kellman's conduct.

alleged and proved." *Jones*, 375 F. App'x at 96 (internal quotation marks omitted). Jones's claims fare no better when reframed as an ineffective assistance of counsel argument.

As a preliminary matter, Jones has again failed to demonstrate that Kellman's conduct was deficient in any way. Kellman requested a multiple conspiracies instruction and the District Court reserved judgment until after summations. App'x 82. In her summation, Kellman did not argue multiple conspiracies, but instead argued that the witnesses and allegations against Jones were not credible. App'x 83-84. Ultimately, the District Court did not give the multiple conspiracies instruction. Kellman's decision to focus on the credibility of the testimony against Jones as an absolute matter, rather than attempting to differentiate between time periods, was a reasonable trial strategy. In addition, our conclusion that "only one conspiracy was alleged and proved," *Jones*, 375 F. App'x at 96, forecloses any argument that Jones was actually prejudiced by Kellman's strategy at summations.

## CONCLUSION

We have reviewed the record and Jones's arguments on appeal and find them to be without merit. For the reasons set forth above, we **AFFIRM** the August 9, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court