18-2902
*Shapiro v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

PRESENT:   REENA RAGGI,
                       RICHARD J. SULLIVAN,
                       JOSEPH F. BIANCO,
                              *Circuit Judges*.
-----------------------------------------------------------------
MARK ALAN SHAPIRO,

              *Petitioner-Appellant*,

         v.                                                    No. 18-2902

UNITED STATES OF AMERICA

              *Respondent-Appellee.*
-----------------------------------------------------------------

FOR APPELLANT:                    STEPHEN H. LOCHER, Belin McCormick, P.C., Des Moines, IA.

FOR APPELLEE:                     JILAN KAMAL (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 7, 2018 order of the district court is **AFFIRMED**.

Mark Alan Shapiro appeals from an order of the district court denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his judgment of conviction and sentence. Shapiro was convicted in 2010 on conspiratorial and substantive counts of securities fraud, wire fraud, and mail fraud under 15 U.S.C. §§ 78j(b), 78ff; 18 U.S.C. §§ 371, 1341, and 1343 in connection with the sale of securities (the "Units") in Cobalt Capital Partners I, LLC and associated entities ("Cobalt"). This Court previously affirmed Shapiro's conviction and sentencing on direct appeal. *United States v. Stitsky*, 536 F. App'x 98 (2d Cir. 2013).

In his § 2255 motion, Shapiro argued that his counsel was ineffective at his

2

sentencing. He now contends that the district court erred in concluding that his motion was barred by the "mandate rule," and reiterates that his counsel provided constitutionally ineffective assistance during sentencing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

When reviewing a district court's denial of relief under § 2255, we review legal conclusions *de novo* while deferring to the district court's findings of fact unless clearly erroneous. *Rivera v. United States*, 716 F.3d 685, 687 (2d Cir. 2013). Ineffective assistance claims present mixed questions of law and fact, which are reviewed *de novo*. *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011). It is well settled that an appellate court may affirm a district court's decision on any ground appearing in the record, including one "different from that adopted by the district court." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

While the district court denied relief because it found that Shapiro's claims were barred by the mandate rule, we need not rely on that rule to affirm because

Shapiro clearly cannot demonstrate that he received ineffective assistance of counsel.[1]

Defendants bringing ineffective assistance of counsel claims must demonstrate, first, that "in light of all the circumstances," counsel's actions or inactions "'were outside the wide range of professionally competent assistance,' and second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" – in other words, that the defendant was prejudiced by the unprofessional conduct. *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020) (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984)).

Without addressing *Strickland's* first prong, we conclude that Shapiro cannot demonstrate prejudice resulting from his counsel's alleged deficiencies at sentencing. Shapiro's argument that he was prejudiced by his counsel's failure to present the proper legal authority is belied by the record, which reflects that the

---

[1] Although there are undoubtedly similarities between a court's analysis under the mandate rule and the prejudice prong of an ineffective assistance of counsel claim, s*ee Rodriguez v. United States*, 767 F. App'x 160, 164 (2d Cir. 2019) (finding that "the mandate rule foreclose[d] any argument that [p]etitioners were prejudiced by counsel's failure to" address the barred issues); *Jones v. United States*, 543 F. App'x 67, 71 (2d Cir. 2013), we remain convinced that the better course for a district court confronted with an ineffective assistance claim in a § 2255 motion is to engage in the traditional two-pronged analysis under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

court was well aware of *United States v. Leonard*, 529 F.3d 83 (2d Cir. 2008), when it sentenced Shapiro and his co-defendant, Irving Stitsky. *See Shapiro v. United States*, No. 15-cv-7891 (KMW), 2018 WL 9801182, at *4 (S.D.N.Y. Aug. 7, 2018); *Stitsky*, 536 F. App'x at 111. Put simply, there can be no prejudice for a failure to request that the court consider specific precedent when "the court rule[s] as if such a request had been made." *United States v. Patasnik*, 89 F.3d 63, 67 (2d Cir. 1996).

As for Shapiro's argument that his counsel was ineffective because he failed to present the sort of expert testimony now offered as part of his § 2255 motion, this Court already explained on direct appeal that presentation of such evidence would not have made a difference. Specifically, we held that a real estate appraisal similar to the one Shapiro now proffers "would not have proved that the *Units* had value, even if it could have demonstrated that the *properties* had value." *Stitsky*, 536 F. App'x at 111 n.8. We stated further that the district court reasonably concluded that the Units had no value because "there was no realistic possibility that Cobalt would be able to generate a positive return for investors" despite any value remaining in the properties. *Id.* at 111; *see also id.* at 110 (upholding as reasonable the district court's reliance on the total amount invested by victims to estimate loss). Because we have already determined that the expert testimony now

5

deemed crucial by Shapiro would not have been helpful for proving a different loss calculation, Shapiro cannot show a reasonable probability that, but for his counsel's conduct, the result of his sentencing would have been different. *See United States v. O'Neil*, 118 F.3d 65, 73 (2d Cir. 1997) (holding that a failure to object to a presentencing report was not prejudicial because the objections that the defendant claimed should have been raised were "without merit and therefore would not have altered his sentence").

We have considered all of Shapiro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court